FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D N Y

★ JAN 23 2013 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ABE MANOPLA,                              Civil Action No.:

             Plaintiffs,

   -against-                              COMPLAINT

                          CV 13 0387

ENHANCED RECOVERY COMPANY, LLC,           **DEMAND FOR JURY TRIAL**

             Defendant(s).
-------------------------------------------------------X

GARAUFIS, J.
POLLAK, M.

Plaintiff, ABE MANOPLA ("<u>Plaintiff</u>"), by and through his attorneys, M. Harvey Rephen & Associates, P.C., as and for his Complaint against the Defendant, ENHANCED RECOVERY COMPANY, LLC, hereinafter referred to as ("<u>Defendant</u>"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### <u>INTRODUCTION/PRELIMINARY STATEMENT</u>

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("<u>FDCPA</u>").

### <u>PARTIES</u>

2. Plaintiff is a resident of the State of New York, residing at 1930 E 8th Street, Brooklyn, New York 11223.

3. Defendant, ENHANCED RECOVERY COMPANY, LLC, is a limited liability company duly organized and existing under the laws of the State of Florida, with their corporate headquarters located at 8014 Bayberry Road, Jacksonville, Florida 32256.

4. The Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a (3).

5. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. On information and belief, Defendant, on behalf of a third-party or itself as purchaser of the debt, began collecting an alleged consumer debt from the Plaintiff.

10. On information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communicating with the Plaintiff on or about August 16, 2012 by calling the Plaintiff on his phone and not leaving a message.

11. Plaintiff's son, Aaron called back to the Defendant to see who they were and who they were looking for and heard a pre-recorded message which identified the Defendant by name as a debt collector and that it was an attempt to collect a debt.

12. Defendant's representative then came on the line and informed Plaintiff's son that they were looking for Plaintiff, Abe Manopla.

13. Defendant's representative then asked Plaintiff's son, Aaron to give Plaintiff a message to call them back.

### FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. 15 USC §1692c(b) prohibits a debt collector from disclosing to a third party without permission from the consumer that the consumer is being contacted by a debt collector concerning a debt.

16. The Defendant violated 15 USC §1692c(b) by communicating to the Plaintiff's son, Jacob, that the Plaintiff was being contacted by a debt collector about a debt.

17. Plaintiff's claim that Defendant violated the foregoing provision of the FDCPA is supported by the following law: In Travis Banco v Credit Collection Services Inc N. CIV S-10-1242 FCD/EFB USDC ED, California, the court found that Credit Collection Service's position that it cannot be liable because the message was solely intended for plaintiff and that plaintiff's mother should have

refrained from listening when she heard the warning is wholly without merit." And further: "Defendant cites to no authority supporting its proposition that a person must refrain from listening to a voice message in his or her own home merely because the message is for another person. Indeed, the weight of the case law militates strongly in favor of the inverse conclusion."

18. The Court further cited Berg v. Merchants Assoc. Collection Div., Inc., 586 F.Supp.2d 1336, 1338-39 (S.D. Fla. 2008),[3] defendant collection agency left a voice message[4] strikingly similar to that left by defendant here, which Berg's father, step-mother and neighbor heard. As is the case here, "Defendant left messages at the plaintiff's home with a warning to the listener to disconnect if the listener was not the plaintiff, and that continuing to listen to the message indicates that the listener was plaintiff." Id. at 1343. The court held that merely giving the warning that the party listening should hang up if not the plaintiff, does not shield a debt collector from liability under Section 1692c(b) when a third party overhears the message. Id. Similarly here, for the same reasons, defendant's contention that the warning on the message shields it from liability is ineffectual.

19. The Court further cited: "The District Court of Minnesota's recent holding in Zorman v. J.C. Christensen & Associates, Civ. No. 10-3086, 2011 WL 1630935 (D.Minn. 2001) is similarly instructive. In Zortman, defendant left messages on plaintiff debtor's voicemail, which plaintiff's children overheard. Id. at *1. Defendant asserted, as does defendant in this case, that it was not liable under Section 1692c(b) for communicating with a third party because they did not

"purposefully or deliberately make disclosures to a third party." Id. at *2. The court explained that reading an intent requirement into the statute would be "inconsistent with the ordinary meaning of 'to communicate,'" and thus, held that the Section 1692c(b) does not require a deliberate act. Id. at *5. The court noted that the "FDCPA is a strict liability[5] statute, which conflicts with requiring deliberate or purposeful intent." Id. (Citing Picht v. Jon R. Hawks, Ltd., 236 F.2d 446, 451 (8th Cir. 2001)"

20. The Court further stated:" The fact that plaintiff was the intended recipient of the message and that the message instructed non-intended listeners to hang up does not absolve defendant of liability for communicating information about the plaintiff's debt to a third party. Defendant is strictly liable under Section 1692c(b) for communicating with a third party — plaintiff's mother — without the debtor's consent, regardless of whether the communication was deliberate or intentional. Zorman, 2011 WL 1630935 at *5; see also Clayson v. Rubin & Rothman LLC, 751 F.Supp.2d 491 (W.D.N.Y. 2010) (holding that communicating twice with debtor's mother about the debt without the debtor's authorization violated section 1692c(b)."

21. The Court further concluded that the defendant's reliance on staff commentary from the Federal Trade Commission ("FTC") — the agency charged with enforcing the act — which states that "[a] debt collector does not violate this provision when an eavesdropper overhears a conversation with the consumer, unless the debt collector has reason to anticipate the conversation will be overheard." (Def.'s Opp'n at 8:10-14.) Defendant's reliance on the agency's

commentary is misplaced. The Berg court, in analyzing the same commentary, stated that "[t]he example given here by the FTC suggests that the FDCPA is violated by debt collectors who leave message for consumers while aware that the message may be heard by others." Berg, 586 F.Supp.2d at 1342. In this case, defendant had reason to anticipate that the conversation would be overheard — the outgoing message specifically states that plaintiff is not the only resident at the home. (SUF ¶ 6.) To this end, not only does the agency's commentary not help defendant, it actually supports the finding of liability in this instance.

22. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

23. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

    A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

    B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

    C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

    D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
January 13, 2013

Respectfully submitted,

By: _____
M. Harvey Rephen, (MR3384), Esq.
M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:   (212) 796-0930
Facsimile: (212) 330-7582
*Attorney for the Plaintiff Abe Manopla*

To: ENHANCED RECOVERY COMPANY, LLC
8014 Bayberry Road
Jacksonville, Florida 32256

*(Via Prescribed Service)*

Clerk,
United States District Court, Eastern of New York
*(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          CASE NO.:

ABE MANOPLA,

                              Plaintiff,

    -against-


ENHANCED RECOVERY COMPANY, LLC,


                              Defendant(s).


## COMPLAINT


*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*708 Third Avenue, 6th Floor*
*New York, New York 10017*
*Phone:   (212) 796-0930*
*Facsimile: (212) 330-7582*